

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 9, 1963

Dr. George Beto, Director
Texas Department of Correc-
tions
Huntsville, Texas

Opinion No. C-133

Re: Whether the Texas Depart-
ment of Corrections could
include advertisements of
breweries in the souvenir
programs in connection with
its Annual Prison Rodeo.

Dear Dr. Beto:

Your letter requesting an opinion of this office, reads as follows:

"The Texas Department of Corrections will present the 32nd Annual Prison Rodeo this year. Each year, there have been souvenir programs which have been sold to fans who attend the Rodeo. I am enclosing a copy of last year's program.

"The Rodeo nets approximately $100,000 each year and this money is used for various rehabilitative services such as education, vocational education, religion, recreation, welfare, etc.

"In the past, we have not accepted advertisements from breweries. As you probably know, Walker County is dry. We would appreciate a ruling as to whether we could include advertisements of breweries in the souvenir program."

Article 667-24 a, Vernon's Penal Code, reads in part as follows:

"1. The term 'outdoor advertising' as used herein shall mean any sign bearing any words, marks, description or other device and used to advertise the alcoholic beverage business of any person engaged in the manufacture,

sale, or distribution of alcoholic beverages, or in the advertisement of any beverage containing alcohol in excess of one-half of one per cent (1/2 of 1%) by volume, when such sign is displayed anywhere outside the walls or enclosure of any building or structure where there exists a license or permit to sell alcoholic beverages. The term 'outdoor advertising' shall not be inclusive of any advertising appearing on radio or television, or in any public vehicular conveyances for hire, or in a newspaper, magazine or other literary publication published periodically. . . . (Emphasis supplied)

"2. All outdoor advertising as herein defined is hereby prohibited except as herein expressly provided: . . . . "

The Act does not define the words "magazine," "literary," or "periodically." However, Article 8 of Vernon's Penal Code provides:

"Words which have their meaning specially defined shall be understood in that sense, though it be contrary to the usual meaning; and all words used in this code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

Webster's 3rd International Dictionary defines "magazine" as follows:

"4a(1): A periodical that usually contains a miscellaneous collection of articles, stories, poems, and pictures and is directed at the general public reading; (2) a periodical containing special material directed at a group having a particular hobby, interest or profession

Dr. George Beto, Page 3 (No. C-133)

> (as education, photography, or medicine)
> or at a particular age group (as children,
> teenagers) (alumni)."

Among the definitions of the word "periodically" in that lexicon is the following:

> "1. At regular intervals of time;
>
> "2. From time to time; re-currently, frequently."

The word "literary" is defined in Webster's Collegiate Dictionary as follows:

> "1. Of or pertaining to letters or literature."

Among the definitions of the word "literature" in that Dictionary is the following:

> "4. Any kind of printed matter, as advertising."

The publication enclosed contained informative articles concerning the rehabilitation programs and special inmate activities conducted for the prisoners, as well as general information about the Texas Department of Corrections; messages by the Governor and Chairman of the Texas Board of Corrections; pictures of various Board members and prison officials along with pictures of the Rodeo participants. The publication is sold annually to the public at each Rodeo performance.

Besides being distributed periodically, the publication under consideration appears to fall within the broad dictionary definition of the term "magazine or other literary publications."

It is, therefore, our opinion that the publication under consideration falls within the exclusionary language of Article 667-24a, Section 1 of Vernon's Penal Code and as a result advertisements of breweries may be accepted.

In considering the question presented, a study of the Texas Liquor Control Act revealed it was not material to the opinion to distinguish between "wet" and "dry" counties.

## SUMMARY

The souvenir programs sold by the Texas Department of Corrections, in connection with its Annual Prison Rodeo, may accept advertisements from breweries as it falls within the exclusionary language of Article 667-24a, V. P. C.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: IRWIN R. SALMANSON
IRWIN R. SALMANSON
Assistant Attorney General

IRS:nb

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman
Scott Garrison
Joseph Trimble
Roger Tyler
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone